UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN,<br><br>            Plaintiff,<br><br>      vs.<br><br>CONANAN,<br><br>            Defendant. | 1:13-cv-00600-GSA-PC<br><br>ORDER DENYING MOTION FOR ACCESS TO MEDICAL RECORDS AS MOOT<br><br>(Doc. 19.) |

**I.    BACKGROUND**

Michael Klein ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 25, 2013.  (Doc. 1.)  This case now proceeds on the initial Complaint against defendant Dr. Conanan ("Defendant") for inadequate medical care in violation of the Eighth Amendment.  (Id.)  Plaintiff is presently incarcerated at Avenal State Prison in Avenal, California.

On May 19, 2014, Plaintiff filed a motion to be provided with access to his medical files at Avenal State Prison.  (Doc. 19.)  On May 21, 2014, Defendant filed an opposition to the motion.  (Doc. 21.)  Plaintiff did not file a reply.

## II. PLAINTIFF'S MOTION

Plaintiff asserts that his appointment to review his medical records at Avenal State Prison (ASP) was cancelled by prison officials based on a letter to the Case Records Manager at ASP from Defendant's counsel, Deputy Attorney General Kelly A. Samson ("Counsel"), which directed that "[n]othing should be removed, destroyed, or purged from [Michael Klein's' prison records, including the central file and medical records] without conferring with me." (Exhibit to Motion, Doc. 19 at 2-3.)  Plaintiff requests access to his medical records to enable him to respond to Defendant's motion to dismiss of March 13, 2014.[1]  (Doc. 13.)

In opposition, Defendant argues that Counsel did not prevent Plaintiff from reviewing his medical files.  Counsel declares that on February 19, 2014, she sent a standard document retention letter to the Case Records Manager at Avenal State Prison.  (Declaration of Kelly A. Samson, Doc. 21 ¶2.)  The letter is not designed to prevent inmates from reviewing their central or medical files, and merely instructs the prison not to remove or destroy any documents from the inmate's records due to pending litigation.  (Id. ¶¶3,4.)  On May 20, 2014, Counsel contacted the litigation coordinator at ASP to ensure that the letter was not being used to prevent Plaintiff from reviewing his medical file.  (Id. ¶5.)  The litigation coordinator informed Counsel that Plaintiff had failed to appear at the time scheduled for review of his file, and the review had been re-scheduled for May 22, 2014.  (Id. ¶6.)

## III. DISCUSSION

More than three weeks have passed since Defendant filed his opposition to Plaintiff's motion, and Plaintiff has not filed a reply or challenged Counsel's assertion that Plaintiff's review of his medical file was re-scheduled for May 22, 2014.  Moreover, on May 27, 2014, five days after the date of the re-scheduled review, Plaintiff filed his opposition to Defendant's motion to dismiss, without any indication that he was denied access to the medical records he

///

---

[1] On March 13, 2014, Defendant filed a motion to dismiss this case as barred by the statute of limitations. (Doc. 13.)  On April 25, 2014, the court issued an order requiring Plaintiff to file an opposition to the motion to dismiss within thirty days.  (Doc. 18.)

needed.  Based on these facts, the court finds good cause to deny Plaintiff's motion for access to his medical file as moot.

**IV.     CONCLUSION**

Accordingly, good cause appearing, IT IS HEREBY ORDERED that Plaintiff's motion for access to his medical filed, filed on May 19, 2014, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **June 16, 2014**               **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE