UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN,<br><br>        Plaintiff,<br><br>   vs.<br><br>CONANAN,<br><br>        Defendant. | 1:13-cv-00600-GSA-PC<br><br>ORDER DENYING DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS ACTION AS BARRED BY STATUTE OF LIMITATIONS<br>(Doc. 13.)<br><br>ORDER DENYING REQUEST FOR JUDICIAL NOTICE<br>(Doc. 14.)<br><br>THIRTY DAY DEADLINE FOR DEFENDANT TO FILE ANSWER |

**I.    BACKGROUND**

Michael Klein ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the initial Complaint, filed by Plaintiff on April 25, 2013, against defendant Dr. Conanan ("Defendant") for inadequate medical care in violation of the Eighth Amendment. (Doc. 1.)

The parties to this action have consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c), to conduct all further proceedings in this case. (Docs. 5, 15.)

On March 13, 2014, Defendant filed a Rule 12(b)(6) motion to dismiss this action as barred by the applicable statute of limitations, together with a request for judicial notice. (Docs. 13, 14.) On May 27, 2014, Plaintiff filed an opposition to the motion. (Doc. 22.) On May 30, 2014, Defendant filed a reply to the opposition. (Doc. 23.) Defendant's motion to dismiss is now before the court.

## II.   PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Avenal State Prison (ASP), in Avenal, California, brings this civil rights action against Defendant Dr. Conanan, M.D., an employee of the CDCR at ASP. Plaintiff claims that Dr. Conanan was deliberately indifferent to his serious medical needs, resulting in injury.

Specifically, Plaintiff alleges that when he was transferred to ASP from the Deuel Vocational Institution (DVI) in Tracy, California, he was in possession of his medical records, which indicated that he had Hepatitis C, "with a genome-type disease." (Complaint at 3 ¶IV.) Plaintiff alleges that he requested a liver biopsy at DVI, which was denied. Upon his arrival at ASP, Plaintiff again requested a liver biopsy, which was denied by Dr. Conanan. Dr. Conanan explained that "my enzyme level and viral load" did not warrant it. (Id.) Plaintiff further alleges that he was not prescribed "any medication whatsoever." (Id.) Plaintiff alleges that "this failure drastically increased the risk for expidited [*sic*] and irreversible damage being done to my liver. This did in fact occur and now resulted in Petitioner's condition being untreatable."[1] (Id. at 4:2-5.)

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d

---

[1] Plaintiff's exhibits to the Complaint provide evidence that he was transferred to ASP in October 2007 and requested treatment which was denied, and that on July 5, 2012, he was informed of the results of a liver biopsy showing he has untreatable stage four cirrhosis of the liver. (Doc. 1 at 7.)

1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer, 416 U.S. at 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974),

　　　　Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555–56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 679 (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

///

'stops short of the line between possibility and plausibility for entitlement to relief." Id. at 680 (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see id. at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

### B.   Statute of Limitations

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387–88, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); see also Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir.1988). In California, there is a two-year statute of limitations for personal injury cases which applies to § 1983 cases. See Cal.Civ.Proc.Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions"). State tolling statutes also apply to § 1983 actions. See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543–44, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1998)). California Civil Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the plaintiff, "at the time the cause of action accrued, [is] imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life." Accordingly, prisoners generally have four years from the time the claim accrues to file their action.

///

Notwithstanding the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is federal law which governs when a claim accrues. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott, 25 F.3d at 801–02). "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996)).

## IV.     DEFENDANT'S MOTION

Defendant argues that this action was filed beyond the expiration of the applicable statute of limitations. Defendant argues that Plaintiff's claim accrued in October 2007 when he knew or should have known of his constitutional injury caused by the acts of deliberate indifference against him. Defendant asserts that according to Plaintiff's allegations in the Complaint, he knew when he was transferred from DVI in October 2007 that he had Hepatitis-C and needed treatment. (Complaint at 3, 7.) Specifically, Plaintiff produced a medical record showing that he had Hepatitis-C and requested a liver biopsy. (Id.) Plaintiff alleges that his request was wrongfully denied, and that he was denied medication to treat his condition at that time. (Id.) Defendant concludes that in order to comply with the statute of limitations period, and assuming Plaintiff was entitled to the entire four-year statute of limitations, Plaintiff must have filed his Complaint by October 2011; however, Plaintiff did not file suit until April 25, 2013, years after the statute of limitations had expired.

Defendant also argues that the statute of limitations was not extended by the continuing violations doctrine,[2] because the doctrine does not apply under the facts of Plaintiff's case. Defendant argues that Plaintiff's Complaint fails to show a series of related acts against Defendant that are closely related enough to constitute a continuing violation. Defendant argues that even if the continuing violations doctrine did apply, Plaintiff's claim against Defendant could not have accrued after January 11, 2009, when Plaintiff was paroled from

---

[2] To establish a continuing violation, a plaintiff must show "a series of related acts against a single individual . . . that . . . 'are related closely enough to constitute a continuing violation.'" Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480-81 (9th Cir. 1989) (quoting Bruno v. Western Elec. Co., 829 F.2d 957, 961 (10th Cir. 1987)).

ASP, entitling him to only one year, three months, and nine days of equitable tolling for his imprisonment. Defendant concludes that under the continuing violations doctrine, Plaintiff was required to file his Complaint on or before April 20, 2012; however, Plaintiff did not file suit until April 25, 2013.

**Opposition and Reply**

Plaintiff argues that his claim did not accrue until July 2012, when he received the results of his liver biopsy showing he had HCV stage four cirrhosis of the liver. Plaintiff claims that he did not have knowledge of any injury, or of any deliberate indifference, until he received the results of his liver biopsy in July 2012. Plaintiff asserts that in February 2008, Dr. Conanan informed him that his enzyme level was slightly elevated but in the normal range, and that a liver biopsy was not yet warranted.

With respect to the continuing violations doctrine, Plaintiff asserts that his repeated requests for help and tests from Dr. Conanan in 2008, 2009, and 2011, were denied, until Dr. Conanan finally ordered a liver biopsy in June 2012. Plaintiff asserts that his Complaint shows a series of related acts against Dr. Conanan that are closely enough related to constitute a continuing violation to extend the statute of limitations period. Plaintiff also asserts that between 2009 and 2010 he was on parole no more than 30 days at a time and was arrested again in October 2010 on new charges. Plaintiff argues that equitable tolling applies to his time on parole, because during that time he had no funds, was homeless and disabled, and could not acquire any medical attention.

Defendant replies that Plaintiff's allegations in the Complaint show that he had knowledge of Defendant's alleged wrongdoing in 2007, and he did not plead facts in the Complaint to show a continuing violation.

**V.    DISCUSSION**

Defendant's motion is not styled as a motion for summary judgment, and the court declines to convert the motion into a motion for summary judgment. Therefore, the court will apply the standards applicable to Rule 12(b)(6) motions to dismiss, set forth above. Evidence outside of the Complaint submitted by Defendant is unnecessary to resolve Defendant's

1   motion.  Therefore, the court declines to take judicial notice of the exhibits submitted by
2   Defendant.  (Doc. 14.)

3   As discussed above, "[a] claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."  Fink, 192 F.3d at 914.  "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"  Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir.2006)).  "'[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'"  Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir.1995)).  "[W]here the issue of limitations requires determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law."  Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 591 (9th Cir. 1990); In re Swine Flu Prod. Liab. Litig., 764 F.2d 637, 638 (9th Cir.1985); Lundy v. Union Carbide Corp., 695 F.2d 394, 397-98 (9th Cir.1982).

The parties disagree about when Plaintiff first knew or should have known of his injury or that Dr. Conanan had acted against him with deliberate indifference.  While Defendant argues that Plaintiff knew or should have known in October 2007, Plaintiff denies that he knew of any injury or deliberate indifference until he received the results of his liver biopsy in July 2012 showing he has stage four cirrhosis of the liver.  Plaintiff acknowledges that in October 2007, Dr. Conanan denied his request for treatment and a liver biopsy, after measuring Plaintiff's enzyme level and viral load and determining that the particular treatment was not needed.  However, taking Plaintiff's allegations as true, the court cannot find as a matter of law that Plaintiff knew or should have known before July 2012 of wrongdoing against him by Defendant constituting deliberate indifference or causing injury.[3]  In light of the factual

---

[3] Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin v.

disagreement between the parties, the court cannot find that the running of the statute is apparent on the face of the Complaint or that it appears beyond doubt that Plaintiff can prove no set of facts that would establish the timeliness of his claim.  Therefore, Defendant's motion to dismiss must be denied.

## VI.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Conanan's Rule 12(b)(6) motion to dismiss, filed on March 13, 2014, is DENIED;
2. Defendant's request for judicial notice, filed on March 13, 2014 is DENIED; and
3. Defendant Conanan is required to file an Answer to the Complaint within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **September 3, 2014**                         **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE

---

Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).