UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN,<br><br>      Plaintiff,<br><br>   vs.<br><br>DR. CONANAN,<br><br>      Defendant. | 1:13-cv-00600-GSA-PC<br><br>ORDER DENYING MOTION, WITHOUT PREJUDICE<br>(Doc. 43.) |

**I.    BACKGROUND**

      Michael Klein ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. ' 1983. This case now proceeds on the original Complaint filed by Plaintiff on April 25, 2013, against defendant Dr. Conanan for failure to provide adequate medical care in violation of the Eighth Amendment. (Doc. 1.)

      On October 8, 2014, the court issued a Scheduling Order setting out pretrial deadlines in this action, including a deadline of June 8, 2015, for the completion of discovery, including the filing of motions to compel. (Doc. 28.)  Thus, this case is now in the discovery phase.

      On February 9, 2015, Plaintiff filed a motion for reconsideration of the court's order issued on January 29, 2015.  (Doc. 43.)

## II.     PLAINTIFF'S MOTION

Plaintiff brings a motion for reconsideration of the court's order denying Plaintiff's request for the issuance of subpoenas for the attendance of witnesses at trial. However, Plaintiff indicates in the motion that he now seeks the issuance of "10 certified subpoenas dueces (*sic*) tecum so I can compel prison officials to produce documents and other tangible items." (Motion, Doc. 43 at 1.) Based on this language, the court construes Plaintiff's motion for reconsideration as a motion for the issuance of subpoenas duces tecum. For the reasons set forth below, Plaintiff's motion shall be denied, without prejudice to renewal of the motion.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of subpoenas commanding the production of documents from non-parties, and to service of the subpoenas by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-parties are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34. Plaintiff has not described the documents he seeks. Therefore, the Court cannot determine whether any of the documents sought by Plaintiff may be available to Plaintiff through a request for production of documents to Defendants. Fed. R. Civ. P. 34. Plaintiff has not demonstrated that he made a request to Defendants for production of these documents, nor has Plaintiff filed a motion to compel Defendants to produce the requested documents.

Should Plaintiff choose to file another motion for the issuance of subpoenas duces tecum, Plaintiff must (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party. Also, documents requested must fall within the scope of discovery allowed in this action.[1]

---

[1] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### III.    CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion filed on February 9, 2015 is DENIED, without prejudice to renewal of the motion as instructed by this order.

IT IS SO ORDERED.

Dated:    **February 10, 2015**                    **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE