UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN,<br><br>            Plaintiff,<br><br>      vs.<br><br>DR. CONANAN,<br><br>            Defendant. | 1:13-cv-00600-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br>(Doc. 47.) |

**I.      BACKGROUND**

Michael Klein ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the original Complaint filed by Plaintiff on April 25, 2013, against defendant Dr. Conanan for failure to provide adequate medical care in violation of the Eighth Amendment. (Doc. 1.)

The parties have consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (Docs. 5, 15.) Therefore the undersigned shall conduct any and all proceedings in this case, including trial and entry of final judgment.

On October 8, 2014, the court issued a Scheduling Order setting out pretrial deadlines in this action, including a deadline of June 8, 2015, for the completion of discovery, including the filing of motions to compel. (Doc. 28.) Thus, this case is now in the discovery phase.

On March 16, 2015, Plaintiff filed a request for judicial notice, with documents attached. (Doc. 47.)

## II.    REQUEST FOR JUDICIAL NOTICE

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

Plaintiff requests the court to take judicial notice of two documents: (1) Defendant's Response to Request for Admissions, and (2) A publication of the California Prison Health Care Services addressing inmate care for Hepatitis C. (Doc. 47, Exhs. A & B.) Plaintiff asserts that these documents relate to his claims in this action.

Plaintiff has not shown good cause for the court to take judicial notice of these documents. To the extent that Plaintiff intends to submit the documents as evidence in support of his complaint, the court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question. At this stage of the proceedings, these documents are not at issue. Therefore, the court finds no good cause to take judicial notice of the documents submitted by Plaintiff.

///

**III.    CONCLUSION**

     Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for judicial notice, filed on March 16, 2015, is DENIED.

IT IS SO ORDERED.

    Dated:    **March 19, 2015**                    **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE