UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN,<br><br>       Plaintiff,<br><br>  vs.<br><br>DR. CONANAN,<br><br>       Defendant. | 1:13-cv-00600-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO MODIFY SCHEDULING ORDER AND FOR ISSUANCE OF SUBPOENA<br>(ECF Nos. 50, 52.) |

**I.    BACKGROUND**

Michael Klein ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the original Complaint filed by Plaintiff on April 25, 2013, against defendant Dr. Conanan ("Defendant") for failure to provide adequate medical care in violation of the Eighth Amendment. (ECF No. 1.)  The parties have consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 5, 15.)

On October 8, 2014, the court issued a discovery/scheduling order establishing pretrial deadlines for the parties, including a deadline of June 8, 2015 for completion of discovery, and a deadline of August 17, 2015 for the filing of pretrial dispositive motions.  (ECF No. 28.)  On June 8, 2015, Plaintiff filed a motion to extend the discovery deadline for six months.  (ECF No. 50.)  On June 10, 2015, Defendant filed an opposition to the motion.  (ECF No. 51.)  On June 18, 2015, Plaintiff filed a motion for the court to issue a subpoena duces tecum to obtain medical records.  (ECF No. 52.)

Plaintiff's motions to extend discovery and for the court to issue a subpoena duces tecum are now before the court.

## II. PLAINTIFF'S MOTIONS

### A. Motion To Modify Scheduling Order

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Plaintiff requests extension of the discovery deadline because "Defendant has not produced medical records in [their] entirety." (ECF No. 50.) Defendant argues that Plaintiff's motion should be denied because Plaintiff has complete access to his medical records and defense counsel has no ability to obtain records which are not in the file.

### B. Motion For Issuance Of Subpoena

Plaintiff requests the court to issue a subpoena duces tecum pursuant to Rule 45 of the Federal Rules of Civil Procedure to obtain medical records which are not contained in his medical file at Avenal State Prison (ASP). Plaintiff seeks unspecified records concerning his Hepatitis C from Nevada, between 1990 and 2007, which Plaintiff alleges are relevant to his medical treatment at ASP. Plaintiff also seeks a Form 7243, Health Care Services Request document.

## III. DISCUSSION

The discovery phase for this case lasted eight months, from October 8, 2014 to June 8, 2015. A review of the record shows that Plaintiff sought out his medical records even before discovery was opened, when he filed a motion on May 19, 2014 seeking to review his medical records at ASP. (ECF No. 19.) On May 21, 2015, Defendant responded to Plaintiff's motion,

claiming that Plaintiff was scheduled for a review of his medical records to occur on May 22, 2014. (Decl. of Kelly A. Samson, ECF. No. 21 at 3 ¶7.) Plaintiff did not file a reply to Defendant's response or indicate that he was unable to review his medical records on the scheduled date. (See ECF. No. 24.)

Further, Plaintiff acknowledges that "[o]n or about October 6, 2014, Plaintiff request[ed] his medical file from A.S.P.;" on January 9, 2015, Defendant provided medical records pursuant to a request for production of documents; and "[o]n all occasions disclosure of medical records were provided." (ECF No. 52 at 1:19-24.) Based on this record, Plaintiff knew by January 9, 2015, which documents were available from his medical file at ASP. Now, five months later, Plaintiff requests the court to reopen discovery so he can begin another search for medical records from 1990-2007, purportedly kept in Nevada.

Plaintiff has not shown that he used due diligence in attempting to obtain his earlier medical records before discovery closed on June 8. Plaintiff provides no explanation why he did not attempt before now to discover documents which he knew, in January 2015, were not available from his ASP files. Therefore, Plaintiff's motions shall be denied.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the court's Scheduling Order, filed on June 8, 2015, is DENIED; and
2. Plaintiff's motion for the issuance of a subpoena duces tecum, filed on June 18, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **June 22, 2015**              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE